UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN SCOTT DAVIS, | ) |
|      Petitioner, | ) 3:12-cv-00259-LRH-VPC |
| vs. | ) |
| PALMER, *et al.*, | ) **ORDER** |
|      Respondents. | ) |

This is a habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1.) Based on the information concerning petitioner's financial status, the court finds that the motion to proceed *in forma pauperis* should be granted. Petitioner shall not be required to pay the filing fee for his habeas corpus petition. The petition (ECF No. 1-2) will be ordered filed and docketed.

Petitioner has filed a motion for leave to file excess pages. (ECF No. 1-1.) The court grants the motion and considers the petition in its entirety.

Petitioner moves to extend his prison copywork limit. (ECF No. 1-3.) The court denies this motion at this time. Petitioner may renew his motion when he has a specific need for copies in conjunction with documents he is filing for this case. Petitioner's instant motion is too generalized, and no motions are currently pending that require his response.

Last, petitioner has filed a motion for the appointment of counsel. (ECF No. 1-4.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint

counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Additionally, petitioner has shown that he is capable of presenting his claims and arguments in a relatively clear and organized fashion. Therefore, it does not appear that counsel is justified in this case.

**IT IS THEREFORE ORDERED** that the clerk shall **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-2) upon the respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any statement of additional claims. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the attorney general of the state of Nevada a copy of every pleading, motion, or other document he submits for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the attorney general. The court may

1  disregard any paper that does not include a certificate of service.  After respondents appear in this action, petitioner shall make such service upon the particular deputy attorney general assigned to the case.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  **The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in Reno.**

**IT IS FURTHER ORDERED** that petitioner's motion to file excess pages (ECF No. 1-1) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to extend his copywork limit and motion for the appointment of counsel (ECF Nos. 1-3, 1-4) are **DENIED.**

DATED this 27th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE