UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN SCOTT DAVIS,<br><br>　　　　　　　Petitioner,<br>　　v.<br><br>PALMER, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:12-cv-00259-MMD-VPC<br><br>ORDER |

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a state prisoner (dkt. no. 4). Before the Court is respondents' answer to the petition (dkt. no. 8), to which petitioner filed a reply (dkt. no. 15).

## I.    PROCEDURAL HISTORY AND BACKGROUND

On May 5, 2009, petitioner Kevin Scott Davis ("petitioner") pleaded guilty to robbery (Exh. 3).[1] The state district court sentenced him to 36 to 156 months and filed the judgment of conviction on July 9, 2009. (Exhs. 10, 11.)

Petitioner did not file a direct appeal. On February 24, 2010, petitioner filed a pro per motion to withdraw his plea; the state district court denied his motion on April 6, 2010. (Exhs. 14, 15.) Petitioner filed a pro per state postconviction petition for a writ of habeas corpus on May 25, 2010. (Exh. 16.) The Court appointed counsel, and a supplemental brief was filed on April 22, 2011. (Exh 19.) The state district judge heard

---

[1]All exhibits referenced in this order are exhibits to respondents' answer (dkt. no. 8) and may be found at dkt. nos. 8-1 and 8-2.

argument and denied the petition. (Exhs. 20, 21.) The Nevada Supreme Court affirmed the denial of the petition on April 11, 2012, and remittitur issued on May 7, 2012. (Exhs. 24, 25.)

Petitioner dispatched this federal petition for writ of habeas corpus on May 8, 2012. (Dkt. no. 4.) Respondents have answered and argue that the Nevada Supreme Court's disposition of the two grounds of ineffective assistance of counsel presented here was not an unreasonable application of clearly established federal law, and therefore, the petition should be denied. (Dkt. no. 8 at 8-9.)

## II.  LEGAL STANDARDS

### A.  Antiterrorism and Effective Death Penalty Act

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  This court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786 (2011).

///

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 at 694).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Further, "a determination of a factual issue made by a state court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.    Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91

(2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness, . . . under prevailing professional norms." *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). When the ineffective assistance of counsel claim is based on a challenge to a guilty plea, the *Strickland* prejudice prong requires a petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We

take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 131 S.Ct. at 1398-1401. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ——, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ——, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 131 S.Ct. at 788. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 787 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

### III.   DISCUSSION & ANALYSIS

#### A.   Ground 1

Petitioner alleges that his counsel rendered ineffective assistance by failing to clarify for the court prior to sentencing information about petitioner's criminal history. (Dkt. no. 4 at 3-8.) He claims that his counsel should have clarified that the other case to which he had also pled guilty was a felony Driving Under the Influence ("DUI") case, but not a DUI causing death or substantial bodily harm. (*Id.*)

///

///

In affirming the denial of his state postconviction petition, the Nevada Supreme Court stated:

> At sentencing, there was no mention by the State or the court that [petitioner's] prior DUI conviction involved substantial bodily injury or death, nor is there any indication that the court received misinformation about the DUI. Rather the district court made it clear that [petitioner's] sentence was based on his entire criminal history, which involved numerous felonies and DUI-related offenses as well as the instant robbery offense.

(Exh. 24 at 2.)

The state supreme court thus concluded that petitioner failed to demonstrate that the district court relied on a materially untrue fact in sentencing him. That court also pointed out in its order that

> [Petitioner] contends that the State's argument at sentencing about his "lethal" conduct misled the court as to the nature of his prior DUI. However, [petitioner] takes the State's comment out of context, as the State's argument was made in reference to the lengthy extent of [petitioner's] history, and not a description of his most recent DUI conviction.

(Exh. 24 at 2, n.2.)

At sentencing, the State argued for a sentence consecutive to the DUI case, noting that petitioner had six prior felony convictions and that the pre-sentencing investigation report reflected that eight of his misdemeanor offenses were DUI-related. (Exh. 10 at 3-4.) Petitioner had already been sentenced to 26 to 120 months in the DUI case. (*Id.* at 8.) The State argued for a consecutive sentence of 34 to 120 months, in this case in which petitioner pleaded guilty for robbing a pharmacist of oxycontin. (*Id.* at 4.) Petitioner's counsel advocated for a 26 to 120 months sentence, concurrent to the DUI case. The district court sentenced petitioner to 36 to 156 months, concurrent to the DUI case. (*Id.* at 9.)

This Court has reviewed the state-court proceedings and concludes that petitioner has utterly failed to demonstrate that the Nevada Supreme Court's decision was an unreasonable application of *Strickland*. Nothing in the record suggests that the

///

sentencing court had misinformation about the DUI conviction nor that any such misinformation was the basis for petitioner's sentence. Ground 1 is denied.

### B.  Ground 2

Relatedly, petitioner claims that his counsel rendered ineffective assistance because he failed to file a motion to modify his sentence based on material mistake of fact regarding the DUI case. (Dkt. no. 4 at 9-10.)

In affirming the denial of this claim, the Nevada Supreme Court concluded that because petitioner failed to demonstrate that the sentencing court had relied on incorrect information regarding his criminal record and that such reliance had worked to his extreme detriment, it was impossible for him to demonstrate that a motion to modify his sentence would have been successful. (Exh. 24 at 2.)

Again, and for the same reasons as with ground 1, petitioner has failed to demonstrate that this aspect of the Nevada Supreme Court's decision was an unreasonable application of *Strickland*. Ground 2 is denied.

The petition is, therefore, denied it its entirety.

## IV.  CERTIFICATE OF APPEALABILITY

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by

petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**V.      CONCLUSION**

It is therefore ordered that the petition for a writ of habeas corpus (dkt. no. 4) is denied in its entirety.

It is further ordered that the Clerk shall enter judgment accordingly and close this case.

It is further ordered that petitioner is denied a certificate of appealability.

DATED THIS 1st day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE